[Civ. No. 2764.   Second Appellate District, Division One.—January 30, 1920.]

EDWIN A. FRAZEE, Appellant, v. FOX FILM COR-
    PORATION (a Corporation), Respondent.

[1] EVIDENCE—FINDINGS BASED ON CONFLICTING EVIDENCE—APPEAL.—
In an action to recover for personal services, where the evidence is conflicting as to whether the plaintiff was employed by the defendant corporation or by another company having a similar name and the trial court finds that plaintiff was not employed by defendant corporation, such finding is conclusive and binding on the appellate court.

[2] ID.—DOCUMENTARY EVIDENCE OF AGENCY—REMOTENESS IN TIME.—
In such action, documentary evidence offered for the purpose of proving that the person who employed plaintiff was the representative of the defendant corporation is properly excluded where the employment of plaintiff was alleged to have taken place almost a year prior to the dates of such documents.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmet H. Wilson for Appellant.

Alfred Wright and Alexander MacDonald for Respondent.

SHAW, J.—In this action plaintiff sought to recover eight hundred dollars, alleged to be due him as the balance of salary upon a contract made with defendant whereby he was employed by the latter as a director of the production of motion pictures for a compensation of two hundred dol-

lars per week and a royalty on all pictures so produced. Judgment went for defendant, from which plaintiff appeals.

[1] By answer defendant denied the alleged making of the contract, or that it ever at any time employed plaintiff in any capacity or agreed to pay him any compensation for services rendered to it, or that it agreed to pay plaintiff a royalty on the pictures produced under his direction, and further denied that plaintiff, as alleged, worked for it from July 17, 1916, to January 14, 1917, or worked for it at all; in accordance with all of which denials the court found in favor of defendant.

Plaintiff's first contention is that the findings are without sufficient support. It appears from plaintiff's testimony that about July 16, 1916, in the city of Los Angeles, he was by oral agreement employed by A. Carlos, acting for and on behalf of defendant, at a salary of two hundred dollars per week, in addition to which he was to receive a royalty of two hundred dollars upon the first picture produced and three hundred dollars on each picture thereafter produced; that he produced four pictures upon which no royalty was paid; that his employment continued from July 17, 1916, to January 14, 1917, during which time, except for the last four weeks, he had received from defendant his salary of two hundred dollars per week, but was paid nothing on account of the royalty. As against this evidence, it appears from the testimony of William Fox, president of defendant corporation, that prior to May, 1916, Mr. Carlos was general representative of the company in its sales department, which position he resigned on said date and came from New York city to Los Angeles, where he entered the employ of another corporation, known as the William Fox Vaudeville Company, as general manager of its studios in Los Angeles, and from the time of his resignation occupied no position whatever with defendant, had no authority to act for it, and performed no duties in connection therewith. A. Carlos testified that, while he employed plaintiff at a salary of two hundred dollars per week, his act in so doing was for and on behalf of, and as the manager of, the William Fox Vaudeville Company, for which plaintiff performed services as director of moving pictures, but that he never at any time agreed to pay him any royalty on pictures so produced as director. In addition to this testimony it also

appears that plaintiff, upon the payment of his salary, signed pay-roll vouchers whereby he acknowledged the weekly receipt of two hundred dollars from the William Fox Vaudeville Company, thus recognizing it as his employer. Upon this conflicting evidence so presented it was the sole province of the trial court to determine the questions in issue; and having done so, its findings thereon must be deemed conclusive and binding upon this court. This rule, which needs no citation of authorities, applies with equal force to conflicting testimony between the witnesses for defendant as it does to like conflicts between witnesses of the respective parties. Hence, conceding the testimony of Carlos to be inconsistent with that of Fox, both of whom were witnesses for defendant, the question as to which one of them was entitled to credence in the statements made was for the determination of the trial court.

[2] Another alleged error is predicated upon the rulings of the court in rejecting certain documentary evidence offered by plaintiff for the purpose of showing that Carlos, with whom he made the contract, was the representative of and acting for defendant. One of these documents consisted of an application made March 17, 1917, by Mrs. O'Connor to the Industrial Accident Commission for an award of compensation for injuries alleged to have been sustained by her as an employee of defendant on September 26, 1916. The answer thereto was signed, "Fox Film Corporation, By A. Carlos, Its General Representative." Another document was the verification of an answer filed in the superior court of Los Angeles County on August 1, 1917, in the case of Standing against the defendant, which likewise was made by A. Carlos as the general representative of defendant. The third document was an affidavit made by him on March 10, 1917, for the removal of an action pending in the superior court to the federal court, and wherein he stated that he was the general representative of defendant. The court sustained objections to the introduction in evidence of all these documents. At most, the proffered evidence was a mere repetition of the testimony given by Carlos, and hence not admissible for the purpose of impeachment. Appellant, however, insists that the documents were admissible as substantive evidence showing admissions against interest and

tending to contradict the witness Fox. The contract under which plaintiff was employed was made on or about July 17, 1916, and the question presented for solution was whether Carlos at such time had power to act for defendant, rather than as to his authority to act on the dates of March 10th, March 17th, and August 1st, in the year 1917, when he represented himself as the general representative of defendant. It might readily be conceded that on these dates he was the general representative of defendant, but such fact would not justify the inference that he held such position nearly a year before such dates; and hence the documents could not be deemed evidence tending to contradict the statements of Fox, as president of the corporation, that Carlos was not connected therewith and had no power to act therefor at the time of plaintiff's alleged employment by defendant.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.